UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:20-CR-00164 HEA |
| vs. ) | |
| ) | |
| **JAMES M. LEACH**, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM

COMES NOW Defendant James M. Leach, by and through his attorney, Luke A. Baumstark, and submits this memorandum to assist the Court in fashioning an appropriate sentence in this case. A review of James' life and circumstances shows that a sentence of 108 months in the Bureau of Prisons, as jointly recommended by the Government and Defendant, is sufficient to comply with the objectives of sentencing under 18 U.S.C. § 3553(a).

## JAMES' EARLY LIFE

James' childhood was not the stuff of Norman Rockwell paintings. He spent the first decade of his life believing that his adopted father was his biological one. This revelation, combined with being allowed to "do whatever he wanted" from a young age perhaps predictably led to him getting into trouble. How much trouble? Enough to be removed from his home and placed at Boys Town (a non-profit organization aimed at helping young men in crisis, among other things) after being kicked out of a half dozen or so different schools.

Things got worse from there. After returning home from Boys Town, James was sexually molested by his uncle. He reported it to his mother (the same woman who regularly punished James by beating him with her hands, switches, and razor strops). Nothing was done. Knowing

1

that this uncle was slated to stay with the family for months, James was highly motivated to find other places to stay, further reducing his degree over parental oversight. Although he was often successful at finding alternate places to rest his head, James would occasionally have to return to his family home. While there, another of James' itinerant aunts introduced him to marijuana when he was only 14 years old[1]. The next year, he tried heroin and cocaine, beginning a lifelong addiction that persists to this day.

It is perhaps no surprise, then, that James was expelled from high school for smoking, and that he left home to join the military as soon as he could, only to receive an Other Than Honorable Discharge[2] a few years later. It is perhaps also unsurprising that James has never managed to hold a job for longer than six months.

Adulthood found James experimenting with and developing longstanding addictions to methamphetamine, crack cocaine, and fentanyl. By all rights, James should be dead by now. He has overdosed on drugs four times. James reported using marijuana, crack cocaine, heroin, and fentanyl within a day of his arrest. *See* PSR ¶ 63.

## JAMES' CRIME

James did not harm anyone in the commission of the crime that brings him before this Court. Indeed, to the eye of the undersigned, the PSR does not show any instance of James ever harming anyone. During the instant offense, he was not even armed.

James was remarkably forthright in his interview with police after being taken into custody for this case. He made no attempt to deny his involvement or to divert blame onto either of the individuals who were with him. Instead, James offered a candid and concise recitation of events as he recalled them, openly discussing not only this incident, but his longstanding drug

---

[1] James had already tried alcohol two years earlier.
[2] According to lawforveterans.org, this is the type of discharge associated with drug violations.

abuse as well. James could have denied involvement or sought to pin his crime on others. He did not do so.

## CONCLUSION

James has spent much of his adult life in the Missouri Department of Corrections, during which time (in spite of his decades of struggles with drug dependency) he has never received a sentence of institutional drug treatment pursuant to RSMo. § 559.115 or RSMo. § 217.362. He is before the Court four days short of his 70th birthday to be sentenced for a crime in which no one was harmed, and which was motivated by a lifelong battle with drug addiction. Considering the circumstances explored above, a sentence of 108 months would be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, deter criminal conduct, and protect the public from further crimes. To the extent that the Court believes that James needs educational or vocational training as he enters his eighth decade, a sentence of 108 months should provide ample time for him to obtain it. We request that the Court honor the agreement between the parties and impose a sentence of 108 months with a recommendation that James be approved for the Residential Drug Abuse Program and housed at a facility that will allow him to participate in the same.

Respectfully submitted,

*/s/ Luke A. Baumstark*
LUKE A. BAUMSTARK #56344
The Baumstark Firm, LLC
815 Geyer Avenue
St. Louis, MO  63104
(314) 492-6290
(314) 492-6348 FAX
luke@baumstarkfirm.com

***Attorney for Defendant James Leach***

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of August, 2021, I filed the foregoing in the above mentioned action with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

      */s/ Luke A. Baumstark*